DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-255-GCM
(3:03-cr-134-GCM-CH-7)

| | |
|---|---|
| PJ JAMAL GILYARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on pro Petitioner PJ Jamal Gilyard's petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. (Doc. No. 1). Alternatively, he seeks relief under the writs of error coram nobis and audita querela. Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina. Because Petitioner's claim of sentencing error is not cognizable in this proceeding and because he has been released from custody, Petitioner's § 2241 petition will be dismissed, and his alternative grounds for relief are denied.

**I. BACKGROUND**

Following a 2003 investigation by the Charlotte-Mecklenburg Police Department into cocaine trafficking, Petitioner was arrested after a cooperator arranged to purchase 4.5 ounces of cocaine from him. (Crim. Case No. 3:03-cr-134-GCM-CH-7, PSR at ¶¶ 7-8).[1] Petitioner possessed 64 grams of powder cocaine at the time he was arrested. (Id.). Six months later,

---

[1] The PSR is not entered into the Court's docket. The Court, therefore, relies on the Government's representations as to the contents of the PSR.

1

Petitioner was arrested in New Jersey after he was found with 25 pounds of cocaine. (Id. at ¶ 9). During the execution of a search warrant at Petitioner's residence, officers found six grams of crack cocaine and two rounds of 9-mm caliber ammunition. (Id. at ¶ 10). As a result of these activities, Petitioner was charged with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, 851; possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 851; possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 851; and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). See (Id., Doc. No. 1: Indictment). The Government agreed to dismiss the § 922(g) violation, and Petitioner entered a straight-up plea to the remaining three charges. (Id., Doc. No. 147: Entry and Acceptance of Guilty Plea).

      A probation officer issued a presentence report, which recommended calculating Petitioner's base offense level as 32, based on the amount of drugs for which he was responsible (the marijuana equivalent of 2,403.56 kilograms). (Id., PSR at ¶ 19). However, the probation officer found that because Petitioner was a career offender under U.S.S.G. § 4B1.1, based on his prior convictions for trafficking cocaine and escape from state prison, his base offense level should be increased to 37. (Id. at ¶ 25). With a three-level downward adjustment for acceptance of responsibility, Petitioner's total offense level was 34. (Id. at ¶¶ 26-27). Given Petitioner's career offender status, the probation officer assigned him a criminal history category of VI, which equated to a guidelines range of 262-327 months of imprisonment. (Id. at ¶¶ 38; 63). In 2006, this Court sentenced Petitioner to 188 months of imprisonment. (Id., Doc. No. 214: Judgment).

      Petitioner did not file a direct appeal, but he filed a 28 U.S.C. § 2255 motion in 2007,

which was denied.  See (Id., Doc. No. 247).  In 2011 and 2012, Petitioner unsuccessfully sought authorization from the Fourth Circuit Court of Appeals to file a successive Section 2255 motion. See (In re Gilyard, No. 10-303 (4th Cir. Jan. 13, 2011), and Doc. No. 352 (July 12, 2012 order denying authorization to file a successive Section 2255 motion)).  Later in 2012, Petitioner filed a second Section 2255 motion, which this Court dismissed as successive.  (Id., Doc. No. 370).

Petitioner filed the present habeas petition in 2013, in which he argues that he should be resentenced without application of the career-offender enhancement because, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior conviction for escape from state prison does not qualify as a predicate offense under the Guidelines since the maximum punishment that he could have received for that offense was less than a year in prison.  (Doc. No. 1 at 3; 6; 15).  He challenges only his 188-month term of imprisonment.  (Id. at 6).  However, according to the Bureau of Prisons Inmate Locator, Petitioner was released on February 24, 2016.  On April 27, 2016, this Court ordered the Government to respond, and the Government filed its brief in response on June 30, 2016.  (Doc. Nos. 1; 3).

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. **DISCUSSION**

**A. Petitioner's Claim for Sentencing Relief under Section 2241**

3

The court first addresses Petitioner's claim for relief brought under 28 U.S.C. § 2241. Section 2241 is generally reserved for errors challenging the execution of a sentence, rather than the sentence's validity. Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). However, pursuant to the savings clause in Section 2255(e), where a petitioner can show that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention, he may proceed under Section 2241. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Rather, to show that Section 2255 is inadequate, a petitioner must establish that: (1) at the time he was convicted, the legality of his conviction was established by settled circuit or Supreme Court law; (2) after the petitioner's direct appeal and first Section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;" and (3) the new rule is not a rule of constitutional law such that the petitioner could proceed under the gatekeeping provisions of Section 2255. Id. at 333-34. Section 2241 may not be used merely to assert sentencing error. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (recognizing that the Fourth Circuit had not extended the savings clause to petitioners challenging only their sentences); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (rejecting Simmons claim of sentencing error); Paulings v. United States, No. 3:12cv769, 2016 WL 1123102, at *2 (W.D.N.C. Mar. 22, 2016) (unpublished) (holding that "§ 2241 may not be used to assert innocence of a sentencing factor").

Petitioner's claim under Section 2241 fails because he is challenging only sentencing error. Moreover, he cannot meet the second prong of the savings clause test, because he cannot show that Simmons changed the law such that the conduct of which he was convicted is no longer criminal. See McCreary v. United States, No. 3:13cv278, 2016 WL 1421185, at *2

4

(W.D.N.C. Apr. 11, 2016) (unpublished) (finding that petitioner's challenge to his designation as a career offender did not qualify under the savings clause because "the validity of his convictions is not in dispute"). Accordingly, Petitioner has not shown that he is entitled to proceed under Section 2241. See id.

Furthermore, even if Petitioner could proceed under Section 2241, he would not be entitled to relief because his claim is not cognizable. In United States v. Foote, 784 F.3d 931 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015), the Fourth Circuit held that a petitioner's erroneous classification as a career offender, at least under the advisory Sentencing Guidelines, is not "'a fundamental defect which inherently results in a complete miscarriage of justice,'" and, therefore, is not a sentencing error that can be corrected on collateral review. Id. at 932, 943 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Foote precludes Petitioner's claim because, like the petitioner in Foote, Petitioner challenges only the calculation of his advisory guidelines range, and Foote establishes that improper calculation of the advisory guidelines is not cognizable on collateral review. Furthermore, because Petitioner has been released from custody, this Court can no longer grant him the relief that he seeks—a reduction in his term of imprisonment. Thus, his request for relief is moot. Accordingly, his claim for relief under Section 2241 is denied and dismissed.

### B. Petitioner's Claim for Sentencing Relief under the Writs of Error Coram Nobis and Audita Querela

Next, as to Petitioner's alternative grounds for relief, "[a]s a remedy of last resort, the writ of error coram nobis is granted only where an error is of the most fundamental character and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks omitted). "'[I]t is difficult to conceive of a situation in a federal

criminal case today where [a writ of coram nobis] would be necessary or appropriate.'" Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)). The petitioner carries the burden to show that he is entitled to relief because "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "[C]oram nobis is unavailable to a petitioner . . . who seeks through the writ to evade the limitation on second or successive § 2255 motions." United States v. Howze, 521 F. App'x 164, at *1 (4th Cir. 2013).

As the Fourth Circuit held in Foote, erroneous classification as a career offender under the advisory Guidelines is not a fundamental defect. Foote, 784 F.3d at 932, 943. The fact that Petitioner was denied relief under Section 2255 and was denied authorization to file a successive Section 2255 motion also does not entitle him to relief under coram nobis. See Howze, 521 F. App'x at *1 (holding petitioner who sought to raise Simmons issue could not proceed under coram nobis where he had been denied relief under Section 2255 and also had been denied authorization to file a successive Section 2255 motion). Accordingly, Petitioner is not entitled to a writ of error coram nobis.

As to Petitioner's request for relief through a writ of audita querela, "[a] writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109, at *1 (4th Cir. 2012). Nor is relief under this provision available where a petitioner has already filed a Section 2255 motion and must obtain authorization to file a successive Section 2255 motion. Id.; In re Wright, 437 F.

6

App'x 214, 215 (4th Cir. 2011). Rather, audita querela is only available to "plug a gap in the system of federal postconviction remedies." United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner may not use a writ of audita querela to "side-step the statutory restrictions on successive petitions." Galloway v. United States, No. 1:15cv176, 2015 WL 5198923, at *3 (W.D.N.C. Sept. 3, 2015) (unpublished). Thus, Petitioner's lack of success in bringing a Simmons claim does not entitle him to proceed through a writ of audita querela. See McCreary, 2016 WL 1421185, at *2 (holding that Simmons claim did not fall within a gap in post-conviction remedies).

In sum, for the reasons stated herein, Petitioner is not entitled to sentencing relief under either Section 2241 or under his alternative theories for relief.

**IV.  CONCLUSION**

In sum, for the reasons stated herein, Petitioner's Section 2241 petition is dismissed. Furthermore, Petitioner is not entitled to relief under his alternative theories.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Section 2241 petition, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**. Furthermore, Petitioner is not entitled to relief under his alternative theories.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

7

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 14, 2016

Graham C. Mullen
United States District Judge